UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| ERIC J. MAPES | § | |
| | § | |
| vs. | § | NO:  MO:18-CV-00170-DC |
| | § | |
| THE STATE OF TEXAS | § | |

## ORDER

Before the Court are Plaintiff's Motion to Proceed *In Forma Pauperis* and Motion for the Appointment of Counsel, filed in conjunction with this civil lawsuit against the State of Texas, in which he identifies the State as "X" and himself as "Y" for no apparent reason. He claims a right to habeas corpus but then raises claims under the American with Disabilities Act ("ADA"). He asserts actual innocence to the crime which he has been convicted, but the identity of that crime remains unclear. He claims a disability that makes it impossible for him to proceed *pro se* in this matter, but never identifies his disability. He discusses at length the collateral consequences of his criminal conviction, which he seeks to overturn through this odd-avenue, but never attaches any documentation for this Court to consider. It appears that what Plaintiff is attempting to do is raise an out-of-time writ of habeas corpus, documentation of which this Court does not have, to consider. Given what the Court has before it, the Court finds Plaintiff's claims do not warrant relief.

### I.      Motion to Proceed *in forma pauperis*

The federal *in forma pauperis* statute, 28 U.S.C. §1915, allows federal courts the discretion to "authorize the commencement, prosecution or defense of any suit . . . without prepayment of fees or security therefor." 28 U.S.C. §1915(a). A party seeking *in forma pauperis* ("*ifp*") status must state "with some particularity, definiteness, and certainty," the facts as to his

indigency. *Dreyer v. Jalet*, 349 F. Supp. 452, 459 (S.D. Tex. 1972). The Court will assume for purposes of this Order that Plaintiff has made the requisite showing of indigency, and has shown he "is unable to pay such fees or give security therefor." 28 U.S.C. §1915(a)(1).

In *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69 S.Ct. 85, 93 L.Ed. 43 (1948), it was held that one need not be absolutely destitute to enjoy the benefit of proceeding *ifp*. An affidavit to proceed *ifp* is sufficient if it states that one cannot, because of his poverty, afford to pay for the costs of litigation and still provide for himself and any dependents. *Id.* at 339, 69 S.Ct. at 89. Plaintiff has made a sufficient showing, at this juncture and for these purposes alone, to proceed *ifp*.

His complaint is, thus, subject to screening under 28 U.S.C. §1915(e)(2)(B), which imposes a screening responsibility on the district court when the plaintiff has been granted *ifp* status. That section provides in relevant parts a follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §1915(e)(2)(B).[1] Since Plaintiff's ADA case is frivolous, fails to state a claim on which relief may be granted, and seeks monetary relief against a defendant who is immune from

---

[1]       *See Patel v. United Airlines*, 620 F.App'x 352 (5th Cir. 2015) (per curiam) (applying §1915 to non-prisoner *pro se* litigant); *James v. Richardson*, 344 F.App'x 982, 983 (5th Cir. 2009) (per curiam) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."); *see also Newsome v. Equal Employment Opportunity Commission*, 301 F.3d 227, 231–33 (5th Cir. 2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under §1915(e)(2)(B)(i) and (ii)); *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205–206 (2nd Cir. 2002) (affirming dismissal of *in forma pauperis* non-prisoner case for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)); *see also Benson v. O'Brian*, 179 F.3d 1014, (6th Cir. 1999) (complaints in actions not pursued *in forma pauperis* are not subject to "screening" under §1915(e)(2)); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (same).

such relief, his case must be dismissed at this preliminary stage.

## II.     Motion for Appointment of Counsel

Plaintiff asserts a right to appointed counsel to assist him in pursuing his ADA claims. Plaintiff's claims against the State of Texas are a vague allegation of a violation of his rights under the ADA for allowing him to be convicted of a crime he claims he did not commit. This claim is not cognizable in this Court. The ADA is not the avenue by which one pursues claims of a false confession brought about by a disability.[2]

No constitutional right to appointment of counsel exists in civil rights cases. *Wendell v. Asher*, 162 F.3d 887, 892 (5th Cir. 1998); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994). A district court is not required to appoint counsel unless "exceptional circumstances" exist. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987) (quoting *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986)). Among the factors that the Court should consider are: "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case." *Jackson*, 811 F.2d at 262 (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

Regarding the first factor, Plaintiff's claims do not appear at this stage to be complex. Plaintiff provided very little detail in his complaint, but he does allege that his conviction was obtained through a violation of the ADA.

The second and third factors are whether the plaintiff is in a position to adequately

---

[2]     A claim concerning a false confession would typically be brought before this Court in an application for a writ of habeas corpus filed pursuant to 28 U.S.C. §2254.

investigate and present his case. He claims he is disabled, but fails to provide any specific information about his disability. In writing, he appears to be reasonably intelligent and articulate. He has thus far demonstrated that he is able to adequately communicate and file pleadings with the Court.

The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. Plaintiff's action has not been scheduled for trial; consequently, at this time, the appointment of counsel for trial would be premature. Finally, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case. No "exceptional circumstances" exist that warrant the appointment of counsel at this time.

Case law regarding the appointment of counsel under the ADA, especially in the Fifth Circuit, is sparse. However, other courts utilize the same analysis for appointment of counsel requests in ADA cases as in Title VII cases. *See, e.g., Filec v. Chicago Transit Authority*, 156 F.R.D. 166, 167–68 (N.D.Ill. 1994). The ADA incorporates several provisions of Title VII, thereby affording courts discretion to appoint counsel. *See* 42 U.S.C. §12117 (incorporating the "powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8 and 2000e-9 of this Title [42]"). Thus, "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant[.]" *Id.* §2000e-5(f)(1). However, an ADA plaintiff has no absolute right to appointed counsel. Rather, the decision of whether to provide counsel lies solely within the discretion of the court. *See Caston v. Sears*, *Roebuck and Co.*, 556 F.2d 1305, 1307–08 (5th Cir. 1977); *Neal v. IAM Local Lodge 2386*, 722 F.2d 247, 248 (5th Cir. 1984); *Gonzalez v. Carlin*, 907 F.2d 573, 579 (5th Cir. 1990).

Therefore, in exercising its discretion, the district court should consider the following relevant factors:

(1) Whether the complainant has the financial ability to retain counsel;

(2) Whether the complainant has made a diligent effort to retain counsel; and

(3) Whether the complainant has a meritorious claim.

*Caston,* 556 F.2d at 1307–08*; Neal,* 722 F.2d at 248*;* and *Gonzalez,* 907 F.2d at 579.

In analyzing these factors, a substantial showing of poverty as required to proceed *in forma pauperis* is not required. *Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th Cir. 1982). There need only be insufficient assets and income to enable plaintiff to afford an attorney to investigate and file his claims. Since plaintiff has met the heavier burden to proceed *in forma pauperis*, it follows that he has met the requirement of indigence to necessitate a favorable finding on this factor.

To be eligible for appointed counsel, movant must make "a reasonably diligent effort under the circumstances to obtain counsel." *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1319 (9th Cir. 1981); *Caston*, 556 F.2d at 1309. *Caston* suggests that a significant inquiry on this issue is whether the complainant has pursued the possibility of a contingent fee arrangement in her efforts or attempts to locate an attorney. *Id.* Movant appears to have been reasonably diligent in his efforts to secure counsel. Therefore, the analysis on this factor points in favor of granting the motion.

Examination of potential merits is most important, considering the unfairness of imposing involuntary servitude upon a member of the bar in a patently frivolous case. This factor also is the most difficult to apply.

Examination of the merits *sua sponte* before the defendant has been required to answer is

akin to a frivolousness review of a general *in forma pauperis* proceeding. *See* 28 U.S.C. §1915(e). The procedure cannot serve as a fact-finding process for the resolution of disputed facts. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Reduced to simplest terms, frivolous suits are those without an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). Thus, the duty to screen for frivolousness includes responsibilities to determine first whether the case is based on a recognized legal theory, and second, to make an initial assessment of the plaintiff's factual allegations in light of what Plaintiff must eventually prove at trial if Plaintiff is to recover on that theory. The court may not construct arguments or legal theories for the plaintiff, but the plaintiff's complaint is to be construed liberally when, as here, plaintiff is *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972).

The initial assessment of Plaintiff's alleged facts must be weighed in Plaintiff's favor, i.e. the court must accept as true the facts alleged by Plaintiff unless they rise to the level of the irrational or the wholly incredible. *Denton*, 504 U.S. at 31, 112 S.Ct. at 1733. Weighing facts in Plaintiff's favor also means indulging all reasonable inferences in the plaintiff's behalf. *See Johnson v. Rodriguez*, 943 F.2d 104, 107 (1st Cir. 1991), interpreting *Neitzke*, 490 U.S. at 327–28. Therefore, if Plaintiff's alleged facts are not clearly baseless, and if proven they would support a recognized legal theory of recovery, Plaintiff must be given an opportunity to commence the action, irrespective of costs.

Because Plaintiff is proceeding *ifp*, however, the Court must, by statute, determine whether Plaintiff has stated claims upon which relief can be granted. 28 U.S.C. §1915(e)(2). The Court is required to assess whether Plaintiff's claims are (i) "frivolous or malicious," whether they (ii) "fail[ ] to state a claim on which relief may be granted," or whether they (iii) "seek[ ]

6

monetary relief against a defendant who is immune from such relief." *Id.* The Court believes Plaintiff's complaint should be dismissed for failure to state a non-frivolous, meritorious cause of action and for lack of subject-matter jurisdiction.

Movant has shown that he cannot afford an attorney and that he has made diligent attempts to obtain one. Thus, two of the three factors for appointment of counsel favor him.

However, as noted above and explained more fully below, the merits of this case do not indicate a substantial likelihood of success. Therefore, as this factor favors denying his motion for appointment of counsel, no counsel will be appointed in this case.

### III.    ADA's Statute of Limitations

Courts may dismiss claims under §1915 *sua sponte* where it is clear from a review of the complaint that the alleged claims are barred by the applicable statute of limitations. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (citing *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)). Since there is no federal statute of limitations for either §1983 and ADA claims, the Court must borrow the most analogous limitations period from state law. *See Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2013) (en banc); *Whitt v. Stephens Cnty.*, 529 F.3d 278, 282 (5th Cir. 2008); *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998); *see also Eber v. Harris County Hospital District*, 130 F. Supp. 2d 847, 869–70 (S.D. Tex. 2001). For §1983 and ADA claims, the Court applies Texas's two-year personal injury limitations period. *See* TEX. CIV. PRAC. & REM. CODE §16.003; *Brockman v. Tex. Dep't of Criminal Justice*, 397 F.App'x 18, 21 (5th Cir. 2010); *see also Crostley v. Lamar Cnty., Tex.*, 717 F.3d 410, 421 (5th Cir. 2013); *Whitt*, 529 F.3d at 282; *and Holmes v. Texas A&M Univ.*, 145 F.3d 681, 682 (5th Cir. 1998) (ADA claims are subject to a two-year statute of limitations in Texas). This means that Plaintiff had two years from the time his claims accrued to file an ADA complaint concerning these

allegations. "Federal law governs when a claim accrues, beginning when a 'plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Rankin v. United States*, 556 F.App'x 305 (5th Cir. 2014) (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)); *see also Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992).

According to Plaintiff's own pleadings, he was arrested on December 21, 1998 for an offense that took place December 19, 1998, he was convicted on November 8, 1999, was released December 19, 2000, and had to begin registering on December 20, 2000. [docket number 1-4 at 3]. Seeing as even the most recent of those dates is over seventeen years ago, his case is clearly time-barred by the two-year statute of limitations applicable in Texas. To the extent any of Plaintiff's alleged ADA violations occurred before September 17, 2016 (two years prior to the day Plaintiff filed this Complaint), such alleged violations are time-barred and are dismissed.

**IV.     Applicability of Titles II and III of the ADA**

Plaintiff claims an entitlement to relief under Titles II and III of the ADA. [docket number 1-4 at 4]. Title II of the ADA applies to "Public Services," and provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. §12132. Plaintiff's claim about a false confession brought about by law enforcement exploitation of his disability in no way relates to Title II. Similarly, his Title III claim, concerning "Public Accommodations and Services Operated by Private Entities,"[3] also fails on the facts of his case, as this would have nothing whatsoever to do with the State of Texas.

---

[3]     Title III of the ADA prohibits discrimination against persons with disabilities by places of public accommodation and services operated by private entities, including retail establishments. 42 U.S.C. §12182.

More importantly, what Plaintiff seeks as relief, specifically concerning his conviction and sentence, are not remedies available under the ADA. Title II of the ADA authorizes suits by private citizens for money damages against public entities that violate 42 U.S.C. §12132. "Remedies available under Title III of the ADA are the same as those under Title II of the Civil Rights Acts of 1964, 42 U.S.C. §2000a et seq., for which there is only injunctive relief." *Frame v. City of Arlington*, 575 F.3d 432, 438 n.5 (5th Cir. 2009). The Court finds that Titles II and III of the ADA are inapplicable to Plaintiff's case as pleaded.

## V.      Sovereign Immunity

Additionally, the State of Texas is entitled to sovereign immunity from suit as to the ADA under the Eleventh Amendment to the United States Constitution. Supreme Court precedent clearly supports this position. *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 121 S.Ct. 955, 967–68, 148 L.Ed.2d 866 (2001) (holding that Congress exceeded its §5 authority and violated Eleventh Amendment when authorizing private ADA suits against states and state agencies). Plaintiff's claim against the State of Texas under the ADA is, therefore, foreclosed.

## VI.     *Heck*-bar

"Y has asserted the original prosecution has yet to prove guilt beyond a reasonable doubt." [docket number 1-4 at 3]. "Since a false confession was extracted through coercive means while Y a disabled man, was under duress doesn't justify the conviction neither." [*Id.*]. "In context of this wrongful prosecution, a *Brady* violation is shown and has come about as a result of negligence by the prosecutor where the due process was not upheld." [*Id.*].

Plaintiff's claims that attack his conviction and sentence would also be *Heck*-barred. *Heck v. Humphrey*, 512 U.S. 477, 486–90, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, the Court held that a defendant may not bring a claim under 42 U.S.C. §1983 for damages "for

allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the defendant can prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a . . . tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck*, 512 U.S. at 487. In other words, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

Consistent with these cases, the Fifth Circuit has interpreted *Heck* broadly to bar any cause of action under §1983, regardless of the type of relief sought, that would imply the invalidity of the plaintiff's conviction or sentence. *See Kutzner v. Montgomery County*, 303 F.3d 339, 340 (5th Cir. 2002) (stating that "no cause of action exists under §1983 that would 'necessarily imply the invalidity of [a plaintiff's] conviction or sentence'" (quoting *Heck*, 512 U.S. at 489)). The Fifth Circuit has extended *Heck* to bar *Bivens*[4] actions that implicate the validity of the plaintiff's conviction or sentence. *See Stephenson v. Reno*, 28 F.3d 26, 27–28 (5th Cir. 1994) (concluding that the plaintiff's *Bivens* action was barred by *Heck* because it was "a challenge to the fact or length of his confinement"). In *Kutzner*, the Fifth Circuit concluded that even claims that are intended only "'to set the stage for a future attack on [the prisoner's] confinement'" are precluded under *Heck*. *Kutzner*, 303 F.3d at 341 (quoting *Harvey v. Horan*, 278 F.3d 370, 378 (4th Cir. 2002)).

---

[4]    *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (A *Bivens* action is analogous to an action under §1983 except that §1983 applies to constitutional violations by state, rather than federal actors).

The reasoning of *Heck* has also been extended to civil cases brought under the Federal Tort Claims Act, where allowing the suit for damages to proceed would imply the invalidity of the underlying conviction. *See Parris v. United States*, 45 F.3d 383, 385 (10th Cir. 1995) ("the same common law principles that informed the Supreme Court's decision in *Heck* should inform the decision of whether an action under the [Federal Tort Claims Act] is cognizable when it calls into question the validity of a prior conviction") (citing *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)). In *Parris*, the plaintiff's claim was based on the alleged legal malpractice of the Assistant Federal Public Defender who represented him in a criminal proceeding conducted in the United States District Court for the Eastern District of Oklahoma. *Id.* at 384. He alleged that "because of the negligence of my lawyer, I am a convict at El Reno, not because I am guilty." *Id.* The district court concluded that plaintiff's claim "squarely call[ed] into question the validity of his convictions," and because his convictions had been affirmed on appeal and upheld despite a challenge under 28 U.S.C. §2255, the Tenth Circuit affirmed the district court's grant of summary judgment in favor of the defendant. *Id.* at 385.

Therefore, it stands to reason that even ADA claims that necessarily imply the invalidity of a conviction or sentence are barred by *Heck* and *Kutzner*. The Fifth Circuit has continued to apply *Kutzner* to foreclose claims that seek to obtain evidence that could be used to challenge a plaintiff's conviction or sentence. *See, e.g., Summers v. Eidson*, 206 F.App'x 321, 323 (5th Cir. 2006) (per curiam) (holding that a prisoner's §1983 suit seeking to force the defendants to turn over certain *Brady* evidence that would enable him to initiate a habeas action was barred by *Heck* and *Kutzner*). This Court now finds that under persuasive authority, an ADA claim[5] cannot be

---

[5]     Although neither the Supreme Court nor the Fifth Circuit have yet considered whether the holding in *Heck* applies to ADA claims, other courts have determined that "the reasoning set forth in *Heck* to preclude [§]1983 actions, applies equally to ADA claims." *Browdy v. Karpe*, No. 3:00–CV–1866, 2004 WL 2203464, *8 (D. Conn. 2004) (quoting *Miele v. Griffin, et al.*, No. 3:00–cv–2239, slip op. at 7–8 (D. Conn. Oct. 12, 2001); *see also Stanley*

used to attack the validity of a conviction or sentence.

## VII.    Conclusion

Plaintiff's Motion to Proceed *ifp* is granted, his Motion for Appointment of Counsel is denied, and his case is both denied and dismissed with prejudice to it being asserted again until the *Heck v. Humphrey* conditions are met.[6] *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

It is so **ORDERED**.

SIGNED this 1st day of October, 2018.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

*v. Guilet, et. al*, No. 3:00–cv–2070, slip op. at 10–11 (D. Conn. June 3, 2002). This Court finds these decisions persuasive and holds that *Heck* applies to Plaintiff's specific ADA claim. *See also Deatherage v. Stice*, No. CIV–05–91–F, 2006 WL 249664 (W.D. Okla. Feb. 1, 2006) (holding that *Heck* applies to plaintiff's ADA claim); *Miller v. Wayback House*, No. 3:05–CV–1838–L, 2006 WL 297769 at *3 (N.D. Tex. Feb.1, 2006), *report and recommendation adopted*, (N.D. Tex. Mar. 31, 2006) ("The Court finds the above decisions persuasive and holds that *Heck* applies to Plaintiff's §1983 claims as well as to his ADA claims."), *subsequently aff'd*, *Miller v. Wayback House*, 253 F.App'x 399, 401 (5th Cir. 2007) (ADA claim abandoned on appeal); *Hendricks v. Richards*, No. 4:10–CV–011–Y, 2010 WL 3911432, at *3 (N.D. Tex. Oct. 6, 2010) ("[Plaintiff's] claims under §1983 and under the ADA are not cognizable unless he has satisfied the conditions set by *Heck*.").

[6]     A *pro se* plaintiff should ordinarily be granted leave to amend his complaint prior to dismissal. However, "Plaintiff's claims are fatally infirm." *Malone v. Johnson*, No. 3:15–CV–3717–L–BK, 2016 WL 3189829, at *3 (N.D. Tex. Apr. 25, 2016), *report and recommendation adopted*, No. 3:15–CV–3717–L, 2016 WL 3166605 (N.D. Tex. June 7, 2016) (the court "conclude[d] that granting leave to amend would be futile and cause needless delay" because the *pro se* plaintiff could not establish the *Heck* conditions had been met); *see also Jordan v. Nelms*, No. CIV. A. 302CV1043M, 2002 WL 1461906, at *1 (N.D. Tex. July 1, 2002) (Lynn, J), *dismissed*, 54 F.App'x 796 (5th Cir. 2002) (the court would not grant the *pro se* plaintiff leave to amend "as the amendment would be futile, since Plaintiff cannot satisfy the requirements of *Heck*"); *Williams v. United States*, No. 3:10–CR–206–D–6, 2017 WL 2348801, at *2 (N.D. Tex. Apr. 13, 2017), *report and recommendation adopted*, No. 3:10–CR–206–D–6, 2017 WL 2335616 (N.D. Tex. May 30, 2017) (denying leave to amend where claims were time-barred under the applicable statute of limitations). In particular, as to Plaintiff's civil claims, a claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). Because Plaintiff cannot establish that his prior conviction has been reversed, expunged, invalidated, or otherwise called into question, the Court orders that Plaintiff not be granted leave to amend his complaint prior to dismissal.